IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD MANDELBAUM
and BARRY RELL,
    Plaintiffs,

vs.                                            Case No: 3:14cv461/RV/EMT

PATRICK DISANTO,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

I.    BACKGROUND

Plaintiffs Edward Mandelbaum and Barry Rell, appearing pro se, initiated this action by filing a civil complaint pursuant to this court's diversity jurisdiction, 28 U.S.C. § 1332 (ECF No. 1). Plaintiffs allege they are citizens of the State of New York, and Defendant is a citizen of the State of Florida (*id.* at 2). Plaintiffs bring tort claims for slander (*id.* at 9–12). They seek monetary damages and injunctive relief (*id.* at 12–13). This case is currently before the court on Plaintiffs' motion to transfer this action to the United States District Court for the Middle District of Florida, Tampa Division, or, in the alternative, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1391(b)(2) and 1404(a) (ECF No. 29).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). Upon careful consideration of Plaintiffs' submissions and the procedural history of this case, it is the opinion of the undersigned that Plaintiffs' request to transfer this case should be granted, and this case transferred to the Middle District of Florida.

II.   ANALYSIS

The federal venue statute provides, in relevant part:

**(b) Venue in general.**—A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Section § 1404(a) of Title 28 of the United States Code provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

Plaintiffs state that on the date they commenced this case, September 4, 2014, they believed that Defendant resided in the Northern District of Florida, because he used a residential address of 28 Sai Pan Court, Pensacola, on his February 28, 2014 application for a Florida vehicle title, and on his March 3, 2014 application for a Florida driver's license (ECF No. 29 at 2). Plaintiffs state they recently became aware, through unrelated investigations conducted by a licensed Escambia County process server and a Florida licensed private investigator, that Defendant ceased residing at the Pensacola address (assuming that he ever resided there) on or about January 25, 2014 (*id.*). Plaintiffs state they additionally became aware that Defendant maintained and received mail at a post office box in Osprey (Sarasota County), Florida from approximately September 17, 2013 through March 28, 2015 (*id.*). As proof, Plaintiffs submitted a copy of a declarations page from Defendant's automobile insurance provider, which was sent to the Osprey post office box on September 17, 2013 (*see* ECF No. 29, Ex. A). Plaintiffs also submitted a United States Postal Service confirmation that on March 28, 2015, Defendant was still receiving mail at

the Osprey post office box (*see id.* at 2, Ex. B). Plaintiffs state Osprey is located approximately ten (10) miles from the home of Defendant's parents in Venice (Sarasota County), Florida, where Defendant is presently residing (ECF No. 29 at 2–3). Sarasota County is located in the Middle District of Florida (*id.*).

Plaintiffs state they now believe that Defendant did not reside in the Northern District of Florida when Plaintiffs commenced this case on September 4, 2014, and that Defendant merely utilized the Pensacola address as part of a scheme to fraudulently title his vehicle in Escambia County, attempt to obtain a Florida driver's license, and attempt to evade prosecution for criminal charges pending against him in the Manatee County Circuit Court (located in the Middle District of Florida) (ECF No. 29 at 3).

Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of information available on the databases maintained by the Clerk of Court for Manatee County Florida and the Clerk of Court for Escambia County Florida (located in the Northern District of Florida). The online public docket of State v. Disanto, No. 2013-CF-002776, pending in Manatee County Circuit Court, indicates that on September 24, 2013, Defendant was charged with making a false statement in obtaining a driver's licence or identification card. On November 1, 2013, a bench

warrant issued for Defendant's arrest for failure to appear at a scheduled hearing. Defendant was subsequently arrested, but the court released him under supervision on February 20, 2014. On February 26, 2014, Defendant was cited in Escambia County for driving with expired registration, Case No. 2014-TR-006342, and unknowingly operating a vehicle while driver's licence suspended/cancelled/revoked, Case No. 2014-TR-006348. Defendant did not personally appear at the consolidated infraction hearing in Escambia County on June 6, 2014, and instead attempted to defend himself through correspondence. Defendant was found guilty of both traffic infractions. Mail sent by the Escambia County court to the address Defendant provided (presumably the 28 Sai Pan Count, Pensacola address) was returned as undeliverable. On August 4, 2014, the Manatee County court revoked Defendant's bond and issued a bench warrant.

Plaintiffs state Defendant was arrested on September 30, 2015, in Leesburg, Florida, which is in the Middle District of Florida (ECF No. 29 at 3). Plaintiffs effected service of process in this civil case on October 28, 2015, when Defendant was personally served at the Manatee County Jail (ECF No. 16). Plaintiffs filed a request for entry of default with the clerk of this court on December 30, 2015, and the clerk of court entered a default against Defendant on May 18, 2016 (ECF Nos. 17, 20).

Case No.: 3:14cv461/RV/EMT

Meanwhile, on March 17, 2016, the Manatee County court determined that Defendant was incompetent to proceed. The court placed Defendant on supervised release under the supervision of officials in Venice, Florida (Sarasota County), where Defendant's parents live (*see* ECF No. 29 at 2–3). The case is still pending, with the next court date scheduled for May 11, 2017, on Defendant's motion to modify the conditions of his supervision.[1]

Plaintiffs allege they now believe that Defendant was most likely residing in the Middle District of Florida on September 4, 2014, the date Plaintiffs filed this action (ECF No. 29 at 3). Plaintiffs contend that because it now appears that Defendant was residing in Sarasota County (in Osprey or with his parents in Venice) on September 4, 2014, they could have brought this diversity action in the Middle District of Florida.

Plaintiffs alternatively state that they could have brought this action in the United States District Court for the District of New Jersey, because a substantial part of the events giving rise to this action occurred in that District, specifically, Defendant

---

[1] Also during that time, Defendant was charged for crimes in the Escambia County Circuit Court. The online public docket of State v. Disanto, No. 2016-CF-001768 indicates that on April 2, 2016, Defendant was arrested on charges of (1) fraud/false statement in a title transfer, (2) possession of a blank, fictitious, or unlawful driver's license or identification, and (3) two counts of perjury (making a false written declaration). The case is still pending, with the next court date scheduled for September 6, 2017.

Case No.: 3:14cv461/RV/EMT

made the allegedly defamatory statement over the phone to a detective in Montville, New Jersey, thus publishing the allegedly slanderous statement there (ECF No. 29 at 3–4).

Because Plaintiffs have now determined that Defendant was not a resident of the Northern District of Florida when this action was commenced, the court is satisfied that venue is not proper in the Northern District, and this case should be transferred. The remaining issue is whether it should be transferred to the Middle District of Florida or the District of New Jersey.

Because resolution of the venue issue is a discretionary decision, the following factors should be weighed in ruling on a § 1404 motion to transfer:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citations omitted).

The first factor to be considered is the convenience of the witnesses. As previously noted, Plaintiffs brought this diversity action to recover monetary damages

and injunctive relief based upon claims that Defendant committed slander. The facts underlying Plaintiffs' slander claims are that on May 30, 2014, a detective from the Montville, New Jersey Police Department notified them that Defendant told him that Plaintiffs stole Defendant's personal property from a storage unit located in Montville, New Jersey by impersonating federal officials and uttering a forged court order (*see* ECF No. 1 at 11–12). Plaintiffs have not identified the non-party witnesses to their slander claims, but obviously the detective in Montville, New Jersey is the primary one. Assuming that the detective still resides in New Jersey, this factor weighs in favor of the District of New Jersey as a more convenient venue for potential non-party witnesses, as does the related factor of the availability of process to compel the attendance of unwilling witnesses. Additionally, another factor, the locus of operative facts in this case, appears to weigh in favor of transfer to the District of New Jersey.

    Other factors to be considered are the convenience of the parties and the relative means of the parties. Plaintiffs state that Defendant has been declared incompetent to proceed in the criminal case pending in Manatee County, but Defendant has not been committed to a state hospital and is residing in Sarasota County, which is located in the Middle District (ECF No. 27 at 2–3). Plaintiffs state they intend to commence a civil action in Sarasota County to have one of Defendant's parents (both of whom

reside in Sarasota County) appointed as Defendant's guardian, pursuant to Florida's Guardianship Law, Fla. Stat. Chp. 744 (*id.* at 3).  Plaintiffs state Defendant's parent "might then be expected to appear" in this federal civil action (*id.*).  Plaintiffs contend the convenience of Defendant's potential guardian weighs in favor of transfer of this case to the Middle District, because Defendant's potential guardian could more easily access the courthouse and local counsel (*id.* at 3–4).  If Defendant is deemed competent for purposes of this federal civil action, it would obviously be more convenient for him if this case proceeded in the Middle District of Florida, as opposed to the District of New Jersey, since Defendant is residing in the Middle District.  In fact, depending on the circumstances of the Florida criminal proceedings, Defendant may be precluded from leaving the State of Florida.

In terms of Plaintiffs' convenience, Plaintiffs reside in New York, thus, the District of New Jersey would be more convenient and less costly for them.  But they are obviously willing to put their own convenience aside, since their primary preference is that this case be transferred to the Middle District of Florida, and their secondary preference is the District of New Jersey.

Another factor, Plaintiffs' choice of forum, weighs in favor of the Middle District of Florida, since they state that is their first preference, and the District of

New Jersey is their alternative choice (*see* ECF No. 29). Plaintiffs' "choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir. 1996); Carroll v. Tex. Instruments, Inc., 910 F. Supp. 2d 1331, 1333 (M.D. Ala. 2012) (noting a plaintiff's "choice of venue is entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of transfer.") (internal quotation marks and citation omitted).

The remaining factors weigh neutrally. Concerning the forum's familiarity with the governing law and trial efficiency, it is presumed that neither court would tip the scale one way or the other. In terms of the location of relevant documents and the relative ease of access to sources of proof, this court has insufficient information to weigh this factor in favor of one venue over another.

Based on the totality of the circumstances and after weighing the factors, it appears that in the interests of justice this case should be transferred to the Middle District of Florida for all further proceedings. Of the nine factors discussed *supra*, three weigh in favor of the District of New Jersey, three weigh in favor of the Middle District of Florida, and three are neutral. But given that Plaintiffs' preference for

transfer to the Middle District of Florida is not clearly outweighed by other considerations, this case should be transferred there.

III. CONCLUSION

Plaintiffs have shown that they could have been brought this lawsuit in the Middle District of Florida, and Plaintiffs' preference for transfer to the Middle District of Florida is not clearly outweighed by other considerations. Therefore, the undersigned recommends that Plaintiffs' motion to transfer venue be granted, and this action transferred to the United States District Court for the Middle District of Florida.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiffs' request to transfer venue, pursuant to 28 U.S.C. §§ 1391(b)(2) and 1404(a) (ECF No. 29), be **GRANTED**, and this case **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

At Pensacola, Florida, this 5th day of May 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:14cv461/RV/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**